# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR DIEHL,<br>　　　　Plaintiff | : NO. |
| | : |
| v. | : |
| | : |
| USAA CASUALTY INSURANCE COMPANY,<br>　　　　Defendant | : JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Arthur Diehl, by and through counsel, Cohen, Feeley, Altemose, Berg & McKarski, P.C., brings this Complaint against Defendant, USAA Casualty Insurance Company, and in support hereof, avers as follows:

## PARTIES

1.　　Plaintiff, Arthur Diehl ("Plaintiff"), is an adult individual and citizen of the Commonwealth of Pennsylvania, residing in the Commonwealth of Pennsylvania at 1939 Woodbury Road, Bethlehem, PA   18017.

2.　　Defendant, USAA Casualty Insurance Company ("USAA"), is a corporation or other business entity that is at citizen of the State of Texas, having a principal place of business located at 9800 Federicksburg Road, San Antonio, TX   78288.

3.　　At all times relevant hereto, Defendant, USAA, acted individually and by and

1

through its agents, servants, workmen and/or employees, acting within the course and scope of their employment and in furtherance of Defendant's business interests.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction under Section 1332(a)(1) of Title 28 of the United States Code, 28 U.S.C. Section 1332(a)(1) and (a)(2).

5. This Court has venue over this action pursuant to 28 U.S.C. Section 1391(b)(2).

## FACTS

6. On or about August 2, 2025, Plaintiff was operating his 1985 Chevrolet Monte Carlo in a westerly direction on Daly Avenue in Bethlehem, Northampton County, Pennsylvania, approaching its intersection with Wind Creek Boulevard (the "intersection").

7. On the date and at the time and place as aforesaid, and at all times relevant hereto, a traffic signal was located at the intersection which controlled traffic entering the intersection from all directions.

8. On the date and at the time and place as aforesaid, the traffic signal displayed a steady green signal for traffic approaching the intersection on Daly Avenue in both a westerly and easterly direction.

9. On the date and at the time and place as aforesaid, Plaintiff entered the intersection under the green signal to continue to proceed straight on Daly Avenue.

2

10.     On the date and at the time and place as aforesaid, the tortfeasor, Edy Guerrier ("Guerrier"), who was operating a 2021 Nissan Rogue owned by Paul Sejour in an easterly direction on Daly Avenue, suddenly, without warning, and unlawfully made a left-hand turn immediately in front of Plaintiff's vehicle, causing the vehicle he was operating to slam into Plaintiff's vehicle in the intersection and Plaintiff's lane of travel, and causing Plaintiff to suffer the injuries and damages more fully set forth at length below.

11.     On the date and at the time and place as aforesaid, Guerrier admitted that the traffic signal displayed a green signal for eastbound traffic at the intersection but not a green turn signal.

12.     The aforesaid accident was caused by the negligence and carelessness of Guerrier in that he, *inter alia,* did:

(a).   fail to have his vehicle under proper and adequate control at the time of the accident to avoid striking Plaintiff's vehicle;

(b).   operate his vehicle at a high and excessive rate of speed for the conditions then and there existing and in excess of the speed limit and drive his vehicle at an unsafe speed under the circumstances then and there existing;

(c).   operate his vehicle without the same being equipped and supplied with proper brakes and other safety appliances when he knew, or should have known of such defective conditions;

(d).   fail to give proper and sufficient warning to Plaintiff of the approach of his vehicle;

(e).   permit his vehicle to enter into the intersection and Plaintiff's lane of travel and into the path of Plaintiff's vehicle without due regard to the rights, safety or position of Plaintiff;

3

(f).   fail to keep a careful and diligent watch on the highway to protect the rights, safety and position of Plaintiff and others similarly situated;

(g).   fail to apply his brakes in a timely fashion in order to avoid striking Plaintiff's vehicle;

(h).   fail to swerve his vehicle or otherwise avoid colliding with Plaintiff's vehicle;

(i).   fail to yield the right-of-way to Plaintiff's automobile which was lawfully situated at the time of the accident;

(j).   fail to maintain a proper, safe, and adequate look- out under the circumstances;

(k).   fail to properly maintain his automobile in such a condition as to adequately safeguard the rights, safety and position of Plaintiff and others similarly situated;

(l).   fail to obey the traffic signal which was located at the intersection;

(m).   operate his vehicle in such a manner that it could not be brought to a stop within the assured clear distance ahead;

(n).   make a left-hand turn in front of Plaintiff's vehicle when Plaintiff had the right of way, was lawfully situated and so close as to constitute a hazard;

(o).   fail to maintain a safe distance between his vehicle and Plaintiff's vehicle;

(p).   fail to look, and continue to look for the presence of vehicles approaching the intersection in a westerly direction;

(q).   fail to see Plaintiff's vehicle approaching when it was in clear view to any driver keeping a constant look-out ahead;

(r).   operate his vehicle when he was distracted by his activities and events occurring within his vehicle; and

(s).    operate his vehicle in violation of the laws and statutes of the Commonwealth of Pennsylvania, including but not limited to statutes governing traffic signals, speed, yielding the right of way, left-hand turns, maintaining safe distances between vehicles and stopping within the assured clear distance ahead.

13.     Solely as a result of the carelessness and negligence of Guerrier, Plaintiff was caused to suffer injuries to his bones, joints, muscles, tendons, blood vessels and soft tissues throughout his entire body, both internally and externally, all of which may be permanent, including, but not limited to:   injuries to both upper extremities, chest, head, and lower extremities.

14.     As a result of the above injuries, Plaintiff has been and may be in the future obliged to expend various and diverse sums of money for medicine and medical treatment in an effort to cure the above injuries, all to his great loss and detriment.

15.     As a result of the above injuries, Plaintiff was and continues to be unable to attend to his usual duties and occupation and thereby suffered and suffers a loss and depreciation of his earnings and earning power; he may continue to suffer the same for an indefinite period of time in the future, all to his great financial loss and detriment.

16.     As a result of the above accident and injuries sustained thereby, Plaintiff has suffered physical pain, mental anguish, anxiety, disfigurement, embarrassment and humiliation and may continue to suffer the same for an indefinite period of time in the future, all to his great loss and detriment.

17.     As a result of the above injuries, Plaintiff has been unable to engage in his usual and customary social and recreational activities and other life's pleasures may be prevented from engaging in such activities in the future, all to his great loss and detriment.

18. On the date of the aforesaid accident, Guerrier was an insured under a policy of liability insurance issued by Erie Insurance Exchange, or one of its parent, affiliate, divisions, or subsidiary companies (collectively referred to as "Erie") providing a per person liability limit in the amount of $100,000 (the "Erie Policy").

19. The Erie Policy was the only liability policy that provided liability coverage to any party whose negligence or carelessness caused the aforesaid accident.

20. At the time of the aforesaid accident, Plaintiff was a party to and named insureds under an automobile insurance policy contract with Philadelphia Insurance Companies or one of its parent, affiliate, divisions, or subsidiary companies (collectively referred to as "Philadelphia") that provided UIM coverage to Plaintiff while occupying the vehicle he was occupying at the time of the accident, and was the primary UIM policy (the "Philadelphia UIM Policy").

21. At all times relevant hereto, the Philadelphia UIM Policy provided UIM coverage for Plaintiff in the amount of $50,000.

22. At the time of the aforesaid accident, Plaintiff was a party to and named insureds under an automobile insurance policy contract with Defendant, USAA, that provided UIM coverage to Plaintiff when he was occupying the vehicle involved in the accident by virtue of interpolicy stacking, and was the secondary UIM policy (the "USAA UIM Policy").

23. At all times relevant hereto, the Philadelphia UIM Policy provided UIM coverage for Plaintiff in the amount of $100,000.

24. In or about 2025, Erie tendered Guerrier's $100,000 liability policy limits under the Erie Policy.

25. Plaintiff obtained written consent to settle from Philadelphia and from USAA and entered into a final settlement with Guerrier.

26. In or about 2025, Philadelphia tendered the $50,000 UIM limits under the primary Philadelphia UIM Policy and Plaintiff entered into a final settlement with Philadelphia.

27. Plaintiff is now eligible for $100,000 in UIM coverage with Defendant, USAA, under the USAA UIM Policy as a result of the aforesaid accident.

28. At all times relevant hereto, Plaintiff paid all premiums due to Defendant, USAA, for the UIM coverage under the USAA UIM Policy and complied with all terms and conditions of said Policy.

29. Upon information and belief, pursuant to said UIM Coverage, Defendant, USAA, is required to pay Plaintiff those damages that the law entitles Plaintiff to recover from the negligent owner or operator of a motor vehicle which exceed the liability limits of the liability policy covering the negligent owner or operator of a motor vehicle and the UIM limits under the primary UIM policy, up to the limits of UIM coverage under the USAA UIM Policy, which means that in the subject action, Defendant, USAA, is required to pay the first $100,000 in Plaintiff's damages in excess of $150,000.

30.     Pursuant to the evidence, the value of Plaintiff's damages far exceed $150,000 and exceed the sum of $250,000, and thus entitles Plaintiff to recover up to the entire $100,000 UIM limits available under the USAA UIM Policy.

31.     Despite the fact that the evidence proves that Plaintiff's damages caused by the negligence of Guerrier have a value in excess of the USAA UIM Policy limits, and the fact that Defendant, USAA has had knowledge of this evidence, Defendant, USAA, has not offered Plaintiff any UIM benefits at all.

## COUNT I

**(Breach of Contract/Claim for Uninsured Motorist Benefits**)

**Arthur Diehl**
**v.**
**USAA Casualty Insurance Company**

32.     Plaintiff incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

33.     As a direct and proximate result of the above-described motor vehicle accident and the negligence and carelessness of Guerrier causing said accident, Plaintiff suffered the injuries and damages more fully set forth above.

34.     Plaintiff and Defendant, USAA, have a dispute over the amount of UIM benefits due and owing to Plaintiff under the USAA UIM Policy as a result of the aforesaid accident.

8

35. Pursuant to the USAA UIM Policy's terms as represented by Defendant, USAA, this dispute must be presented to a court of competent jurisdiction where Plaintiff reside.

36. At all times relevant hereto, Plaintiff has resided in Northampton County, Pennsylvania.

37. A Court of competent jurisdiction in Northampton County, Pennsylvania is the United States District Court for the Eastern District of Pennsylvania.

38. Plaintiff is owed by Defendant, USAA, fiduciary, contractual and statutory duties incorporated into the Policy to fairly, timely and objectively investigate, evaluate, negotiate and pay the fair and reasonable value of Plaintiff's damages in the subject UIM claim.

39. To date, Defendant, USAA, has failed to fulfill its contractual duties (including those fiduciary, statutory and regulatory duties incorporated into the contract by law) to fairly, timely and objectively investigate, evaluate, negotiate and pay the fair and reasonable value of Plaintiff's damages in the subject UIM claim.

40. By any objective and reasonable measure, the total value of Plaintiff's damages caused by the negligence and carelessness of Guerrier far exceed $150,000 and may equal or exceed $250,000, requiring Defendant, USAA, to pay up to the entire $100,000 UIM limits available under the USAA UIM Policy to Plaintiffs.

41. By failing to pay any sum to Plaintiff up to the entire $100,000 UIM limits under the USAA UIM Policy as of this date, Defendant, USAA, has breached its aforesaid

contractual duties to fairly, timely and objectively investigate, evaluate, negotiate and pay the fair and reasonable value of Plaintiff's damages in the subject UIM claim.

42.     Defendant, USAA's breach of the contractual duties owed to Plaintiff under the USAA UIM Policy has caused Plaintiff to incur losses and damages up to and including the $100,000 USAA UIM Policy limits.

WHEREFORE, Plaintiff, Arthur Diehl, demands judgment against the Defendant, USAA Casualty Insurance Company, in an amount in excess of seventy-five thousand dollars ($75,000), plus interest, costs of suit, delay damages and other relief as this Honorable Court deems just and proper.

Respectfully submitted,

COHEN, FEELEY, ALTEMOSE, BERG
 & McKARSKI, P.C.


By: /s/ Mark K. Altemose_____
     Mark K. Altemose, Esquire
     2851 Bagylos Circle
     Bethlehem, PA   18020
     (610) 625-2100
     maltemose@cohenfeeley.com

     ATTORNEY FOR PLAINTIFF

# **VERIFICATION**

The Undersigned verifies that he/she has read the attached pleading and that it is true and correct to the best of his/her knowledge, information and belief. To the extent that the contents of the pleading are that of counsel, signer has relied upon counsel in taking this Verification.   Also, in the event that the pleading contains inconsistent averments, the undersigned has been unable after reasonable investigation to ascertain which of the inconsistent averments are true but that the undersigned has knowledge or information sufficient to form a belief that one of them is true.

This verification is made subject to the penalties of 18 P.S. Section 4904 relating to unsworn falsification to authorities.

X_____
David Goerlich, Jr.

DATE:_____

11

# <u>VERIFICATION</u>

The Undersigned verifies that he/she has read the attached pleading and that it is true and correct to the best of his/her knowledge, information and belief. To the extent that the contents of the pleading are that of counsel, signer has relied upon counsel in taking this Verification.   Also, in the event that the pleading contains inconsistent averments, the undersigned has been unable after reasonable investigation to ascertain which of the inconsistent averments are true but that the undersigned has knowledge or information sufficient to form a belief that one of them is true.

This verification is made subject to the penalties of 18 P.S. Section 4904 relating to unsworn falsification to authorities.

X_____
Kimberly Goerlich

DATE:_____